RYER & CASHEL (INC.) *v.* UNITED STATES (No. 3157) [1]

[1] T. D 43430.

United States Court of Customs and Patent Appeals, June 11, 1929

*Allan R. Brown* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument May 6, 1929, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges [1]

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of couch covers made from Jacquard woven upholstery cotton cloth, was assessed for duty by the collector at the port of New York at 45 per centum ad valorem under paragraph 909 of the Tariff Act of 1922, which reads as follows:

PAR. 909. Tapestries, and other Jacquard woven upholstery cloths, Jacquard woven blankets and Jacquard woven napped cloths, all the foregoing, in the piece or otherwise, composed wholly or in chief value of cotton or other vegetable fiber, 45 per centum ad valorem.

The appellant contends that the merchandise is dutiable under paragraph 921 of the Tariff Act of 1922, which reads as follows:

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

It appears from the record that the involved couch covers are made by cutting Jacquard woven upholstery cloth into the desired lengths and then hemming both the fast and the rough edges.

It is claimed by counsel for appellant that, as the couch covers are hemmed in the process of making them into finished articles, they are not produced by a weaving process. This contention is based upon the proposition that the provisions of paragraph 909 do not include articles produced by processes additional to that of Jacquard weaving.

Counsel for appellant has cited and commented on several cases which, it is claimed, support his contention here. We deem it unnecessary to discuss these cases, as we are of opinion that the issues in this case have been decided by this court in the case of *Tausend et al.* v. *United States*, 15 Ct. Cust. Appls. 323, T. D. 42490.

---

[1] LENROOT, Judge, did not participate in this decision, the case having been argued before he took his seat.

The court had under consideration in that case certain table covers and pillow tops made from Jacquard woven cloth. One of the table covers was there described in the following language:

Exhibit 1 of protest 67006–G is a Jacquard figured table cover, about 58 by 62 inches in size, and surrounded on all sides by a cord fringe, attached through openings in the edges of the cover and then knotted into a fancy design.

It was there contended by counsel for the importers that the word "cloths" contained in paragraph 909 was not intended by the Congress to include articles made from cloth. Other claims were made and decided by the court, but we think it is unnecessary to discuss them in this opinion.

In the opinion in that case this court quoted the following from Summary of Tariff Information, 1921:

JACQUARD WOVEN UPHOLSTERY CLOTHS IN THE PIECE OR OTHERWISE

*Description and uses.*—The term "Jacquard woven upholstery cloths" includes two classes of cloth: (1) Heavy fabrics, such as tapestries, brocades, brocatelles, damasks, armures, and "pocket cloths," which are used not only for covering furniture, walls, seats in railway coaches and in inclosed automobiles, but as wall hangings, portières, pillow tops, table covers, and metal and bureau scarfs; and (2) light-weight clipped fabrics, such as madras muslin, used mainly as curtains. The paragraph, as worded, includes only cloths of cotton or other vegetable fiber, woven on a Jacquard loom and intended for upholstery use. These Jacquard woven upholstery cloths usually have patterns of much larger size and more elaborate character than those used in Jacquard woven cloths for dress use. The words "or otherwise" after "in the piece" *extends the meaning to include tapestry panels and also curtains and other articles made from Jacquard woven upholstery cloths.* (Italics ours.)

Commenting upon this quotation, we said:

It is manifest, therefore, that the United States Tariff Commission was of opinion that the language of paragraph 908 (afterwards 909) of H. R. 7456, was amply sufficient to include all such articles as those involved here. As the House Committee on Ways and Means had submitted this language to said Tariff Commission and were acting in conjunction and harmony with it, the natural presumption must follow that the said committee, also, was of the same opinion.

We think extended comment here is unnecessary. If paragraph 909 was intended, as held in the *Tausend* case, *supra*, to include articles made from Jacquard woven upholstery cloth, it must have been within the contemplation of the Congress that something more than a mere weaving process would be necessary to produce such articles. It would seem to us to be absurd to say that the paragraph was intended to include articles made from Jacquard woven cloth, but that if the edges were hemmed (this process being the only one necessary to complete them) the articles would be excluded from the paragraph.

We think the issue here was directly involved and decided in the *Tausend* case, *supra*, and we so hold.

For the reasons stated the judgment is *affirmed.*